IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN NATHANIEL BABB,

    Petitioner,

v.                                                    Civil Action No. 3:17CV361

ERIC D. WILSON,

    Respondent.

## REPORT AND RECOMMENDATION

John Nathaniel Babb, a federal inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). In his § 2241 Petition, Babb contends that the Bureau of Prisons ("BOP") has improperly calculated his federal sentence. (§ 2241 Pet. 6.)[1] Respondent has submitted a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment ("Motion for Summary Judgment," ECF No. 5). Babb has filed a Response (ECF No. 8). For the reasons that follow, it is RECOMMENDED that summary judgment be GRANTED and the § 2241 Petition be DISMISSED because the BOP has properly calculated Babb's sentence.[2]

---

[1] The Court employs the pagination assigned to Babb's submissions by the CM/ECF docketing system.

[2] Respondent argues that this Court lacks jurisdiction to consider Babb's § 2241 Petition on the merits because Babb has not exhausted his administrative remedies. (Mem. Supp. Mot. Dismiss 10.) Initially, the Court notes that the failure to exhaust administrative remedies does not deprive the Court of jurisdiction. *See Larue v. Adams*, No. 1:04–0396, 2006 WL 1674487, at *7 (S.D. W. Va. June 12, 2006) (noting that the exhaustion of administrative remedies requirement for § 2241 petitions is "judicially imposed"). Further, in response, Babb asserts that since the filing of his § 2241 Petition, he has properly exhausted his administrative remedies. (Resp. in Opp. 2.) Because Babb's claim for relief is readily dismissed for lack of merit, in the interests of judicial efficiency, the Court will consider Babb's § 2241 Petition on the merits.

A.   **Standard for Summary Judgment**

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th

Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of its Motion for Summary Judgment, Respondent submits: (1) the Declaration of Jan Stopps, a Management Analyst at the BOP's Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas (Mem. Supp. Mot. Summ. J. Ex. 1 ("Stopps Decl."), ECF No. 6–1); (2) a print-out from the BOP's SENTRY System detailing the computation of Babb's bank fraud sentence (*id.* Attach. 1, ECF No. 6–2); (3) a copy of a DSCC form evaluating potential jail credit for Babb (*id.* Attach. 2, ECF No. 6–3); (4) a print-out from the U.S. Marshals Service Prisoner Tracking System detailing Babb's arrest and incarceration in the Western District of Kentucky dated March 17, 2010 (*id.* Attach. 3, ECF No. 6–4); (5) a print-out from the BOP's SENTRY System detailing the computation of Babb's transporting child pornography sentence (*id.* Attach. 4, ECF No. 6–5); (6) a print-out from the BOP's SENTRY System detailing Babb's administrative history (*id.* Attach. 5, ECF No. 6–6); (7) a copy of BOP Program Statement 5880.28 Page 1–12 (*id.* Attach. 6, ECF No. 6–7); and (8) a print-out from the U.S. Marshals Service Prisoner Tracking System detailing Babb's arrest and incarceration in the Western District of Kentucky dated February 29, 2012 (*id.* Attach. 7, ECF No. 6–8).

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. In opposition to Respondent's Motion for Summary Judgment, Babb submitted a Response that he swore to under penalty of perjury. (*See* Resp. in Opp. 8, ECF No. 8.) Therefore, the following facts are established for purposes of summary judgment. The Court draws all permissible inferences in favor of Babb.

B.   **Summary of Pertinent Facts**

On February 22, 2010, Babb was sentenced in the U.S. District Court for the District of

South Carolina to 33 months of imprisonment for two counts of bank fraud. (Stopps Decl. ¶ 7 (citation omitted).) Babb's 33-month sentence was completed on January 20, 2012. (*Id.* ¶ 9 (citation omitted).)

On April 5, 2010—while serving his 33-month sentence for bank fraud—Babb was indicted in the U.S. District Court for the Western District of Kentucky for transportation of child pornography. (*Id.* ¶ 10 (citation omitted).) Babb pled guilty to transportation and possession of child pornography, and his Plea Agreement stated, "At the time of sentencing, the United States will . . . recommend [Babb's] sentence run concurrent with [Babb's] undischarged federal sentence as provided by [United States Sentencing Guideline ("USSG")] § 5G1.3." Plea Agreement 5–6, *United States v. Babb*, No. 3:10–CR–43–R (filed July 19, 2011).[3] On February 22, 2012, Babb was sentenced in the Western District of Kentucky to 97 months of imprisonment for transportation and possession of child pornography. (Stopps Decl. ¶ 11 (citation omitted); *id.* Attach. 4 at 1.) The Court ordered his 97-month sentence "be served concurrently, with the sentence of imprisonment the defendant i[s] presently serving in the U.S. District Court for the District of South Carolina." (Stopps Decl. ¶ 11 (citation omitted).) On February 22, 2012, the BOP prepared a sentence computation for Babb explaining that Babb received prior custody credit from January 21, 2012 (the day after he was released from his sentence for bank fraud) through February 21, 2012 (the day before his sentence for transportation of child pornography was imposed). (*Id.* ¶ 12; *id.* Attach. 4 at 2.) The BOP projects Babb will be released on February 9, 2019. (Stopps Decl. Attach. 4 at 2.)

C.  Analysis

Babb argues that because the Western District of Kentucky ordered that his sentence for

---

[3] To provide a fuller picture of the procedural facts for purposes of summary judgment, the Court includes information available in the public record.

4

transportation and possession of child pornography be served concurrently with his sentence for bank fraud out of the District of South Carolina, he should receive prior custody credit from the time he was *indicted* on the charge of transporting child pornography on April 5, 2010. (§ 2241 Pet. 12–13.) Babb asserts that because the BOP has instead calculated his sentence from the date his sentence for transportation and possession of child pornography was imposed—February 22, 2012—he has served past his appropriate release date and is therefore entitled to immediate release. (*Id.* at 13.)

The execution of federal sentences and the computation of jail time is an administrative function within the authority of the Attorney General, who has delegated this task to the BOP. *United States v. Wilson*, 503 U.S. 329, 335 (1992). This function includes computing pre-sentence time credits and determining a sentence's commencement date. *Id.* at 333–35. It is well settled that determinations as to the credit which a defendant is due for time spent in federal custody are to be made by the BOP and not the sentencing court. *Id.* at 334.

Ordinarily, 18 U.S.C. § 3585 requires the BOP to "commence[ a federal sentence] on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Critically for Babb, "when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence *remaining* to be served." *United States v. McLean*, No. 88–5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (citations omitted) (emphasis added).

Babb's sentence for bank fraud was completed on January 20, 2012. Babb's sentence for transportation and possession of child pornography was imposed and commenced on February 22, 2012. Therefore, it is impossible that Babb's two federal sentences could ever run concurrently with one another. *Id.* The fact that the U.S. District Court for the Western District

5

of Kentucky ordered that Babb's sentence for transportation and possession of child pornography be served concurrently with his sentence for bank fraud does not *de facto* make it so because "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (citation omitted). Therefore, Babb's assertion that his sentence for transportation and possession of child pornography should be considered commenced on the date he was indicted is meritless.[4] *See Holmes v. Stansberry*, Civil Action No. 3:09CV165, 2010 WL 174106, at *1 (E.D. Va. Jan. 15, 2010) (concluding habeas petitioner's sentence commenced on the date it was imposed, not the date he was arrested).

D.  Conclusion

Accordingly, the Court RECOMMENDS that the Motion for Summary Judgment be GRANTED, Babb's claim be DISMISSED, and the § 2241 Petition be DENIED.

---

[4] In his Response, Babb also argues that the sentencing court adopted his Plea Agreement, which states that the Government would recommend that Babb's sentence for transportation and possession of child pornography "run concurrent with [Babb's] undischarged federal sentence as provided by [USSG] § 5G1.3." Plea Agreement 5–6, *United States v. Babb*, No. 3:10–CR–43–R (filed July 19, 2011). Babb contends that the district court therefore had the authority under USSG § 5G1.3 to grant him prior custody credit and, because the court adopted his Plea Agreement, it was the court's intent to so do. (Resp. 5–6.) However, USSG "[s]ection 5G1.3(b) concerns situations where a defendant is facing sentencing in two jurisdictions for essentially the same criminal behavior, and such sentencing could result in the defendant serving a substantially longer term than appropriate for that behavior." *Carrie v. Owens*, No. CA 2:10–CV–0960–RMG, 2010 WL 5631623, at *3 (D.S.C. Dec. 29, 2010), *R&R adopted*, No. CA 2:10–960–RMG, 2011 WL 221727 (D.S.C. Jan. 24, 2011), *vacated on other grounds*, No. 2:10–CV–960–RMG, 2011 WL 766956 (D.S.C. Feb. 25, 2011) (citations omitted). In Babb's case, he was convicted of bank fraud in the District of South Carolina, and possession and transportation of child pornography in the Western District of Kentucky. The Court does not discern, and Babb does not explain, how his separate sentences were related for the purposes of USSG § 5G1.3. Moreover, as detailed above, "[A] federal sentence cannot commence prior to the date it is pronounced." *Coloma*, 445 F.3d at 1284. Therefore, whether it was the district court's intent or not, Babb's argument that his sentence for transportation and possession of child pornography should date back to its indictment pursuant to USSG § 5G1.3(b) is denied as a matter of law. *See Carrie*, 2010 WL 5631623, at *4 (holding that habeas petitioner's sentence could not date back to the date of his arrest pursuant to USSG § 5G1.3(b) because "a federal sentence cannot commence prior to the date it is pronounced" (citation omitted)).

Babb is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Babb and counsel for Respondent.

It is so ORDERED.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: November 27, 2017
Richmond, Virginia